IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05687-PAB

RENEL RICHER,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Contract Detention Facility,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
TODD BLANCHE, Attorney General the United States,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Renel Richer's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 5.

## I. BACKGROUND

Petitioner is a citizen of Haiti. Docket No. 1 at 1, 4. He "was issued a Notice to Appear ('NTA') on December 4, 2022, at the time he was permitted to enter the United States with parole, but it was not filed with the court until February 10, 2025." *Id.* at 5. On October 14, 2026, petitioner attended his first check-in with Immigration and Customs Enforcement ("ICE"). *Id.* He was taken into immigration custody at the check-in because "his Master hearing was scheduled too far in the future."[1] *Id.* Petitioner alleges that ICE did not have a "valid Warrant for Arrest of Alien (Form I-200)" when he

---

[1] The hearing is scheduled for May 15, 2028. *Id.*

was arrested and detained. *Id.* at 1. Petitioner is currently detained at an immigration detention center in Aurora, Colorado. *Id.* at 2.

On October 30, 2026, petitioner filed a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, raising three claims: (1) "Unlawful Arrest and Detention in Violation of 8 U.S.C. § 1226(a) and 8 U.S.C. § 1357(a)(2)"; (2) "Violation of Fifth Amendment Right to Substantive Due Process"; and (3) "Violation of Fifth Amendment Right to Procedural Due Process." *Id.* at 10-14. For relief, petitioner, asks the Court to order respondents to immediately release him from detention without any additional conditions not previously imposed before his detention, order the return any of petitioner's original identification documents, and enjoin respondents from re-detaining him without a pre-deprivation bond hearing where the government must establish by clear and convincing evidence that his detention is justified. *Id.* at 14-15.

On November 12, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 5 at 1. They acknowledged "that the Court may then decide to grant the Petition and award appropriate relief," and note that the appropriate relief would be an Order directing them to "release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and a Notice to Appear.

*See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025).

The "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).

Petitioner alleges that ICE did not have a valid warrant for his arrest, such that his detention is unlawful. Docket No. 1 at 1, 5, 10. Respondents do not contest that petitioner was arrested without a valid warrant. *See generally* Docket No. 5. Therefore, due to respondents' failure to contest that petitioner was arrested without a warrant, the Court finds that petitioner was arrested without a warrant. Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally id.* Therefore, they have waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondents lacked statutory authority to arrest petitioner, and his detention is thus unlawful. The habeas application will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant.[2] Respondents acknowledge that the appropriate relief would be an order directing them to release petitioner. Accordingly, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).[3]

## III. CONCLUSION

Therefore, it is

---

[2] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.

[3] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. Docket No. 1 at 15; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

**ORDERED** that petitioner Renel Richer's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED.** It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order without imposing any conditions in excess of those already in place prior to petitioner's arrest. It is further

**ORDERED** that respondents shall return any of petitioner's belongings that are in their possession, including any original identification documents. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order, confirming that petitioner was released from custody.

DATED November 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge